jp

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| vs. ) | Case No.  03-40139-01-JAR |
| ) | 08-4064-JAR |
| DARRLYN M. JOHNSON, ) | |
| ) | |
| Defendant/Petitioner. ) | |
| ) | |

## MEMORANDUM AND ORDER

This case is before the court upon petitioner Darrlyn M. Johnson's motion to vacate sentence, pursuant to 28 U.S.C. § 2255 (Doc. 98). As described more fully below, petitioner's motion is denied.

### Factual background

On July 12, 2004, petitioner pleaded guilty to Count 2 of a six-count indictment, charging him with distributing approximately 6.59 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1). Petitioner's plea agreement,[1] signed by petitioner and his counsel, sets forth the following factual basis for the plea as agreed to by the parties:

> On May 5, 2003, Topeka Police Department Narcotics Investigators were using the services of a confidential informant to make drug buys here in Topeka in the District of Kansas. The CI made telephone contact with the defendant Darryln Johnson, and in four monitored and recorded phone calls, the defendant agreed to sell

---

[1](Doc. 23.)

>     drugs to the CI and made the arrangements for the sale.
>     The defendant drove in his auto to the CI's apartment,
>     and was observed to drive the CI away from that
>     location.  The CI and the defendant went to the home of
>     the defendant here in Topeka, and the defendant sold
>     the CI cocaine base for government supplied buy money.
>     The defendant took the CI back to the CI's apartment,
>     where the drugs were turned over to TPD Detective Doug
>     Garmin.  The drugs were taken to the KBI laboratory
>     where they were weighed and confirmed to be cocaine
>     base in the amount of 6.59 grams.

This was recited in large part by government counsel when the court asked for a factual basis during the guilty plea hearing. The court then asked petitioner if he agreed that this happened and if he did distribute crack cocaine to someone that was working with the government on or about the date charged in the indictment.  Petitioner replied, "Yes I do Your Honor."[2] Petitioner also agreed to the amount mentioned by government's counsel in the factual basis.[3]  In the petition to plead guilty, signed and sworn to by petitioner, he stated the following regarding the charge to which he pleaded guilty:  "on a number of occasions I had crack cocaine in my possession and I delivered it to another person."[4]

    The plea agreement also contained a waiver of appeal and of collateral relief, but waiver has not been raised as an issue in this matter and the court declines to raise the matter sua

---

[2](Doc. 119 at 23.)

[3]Id.

[4](Doc. 23 at 2.)

sponte.[5]  Petitioner was sentenced to a term of 42 months on August 21, 2007.

Legal Standards

Under § 2255(a):

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts:

> The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion. . . .

An evidentiary hearing must be held on a § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."[6]  Petitioner must allege facts which, if proven, would warrant relief from his

---

[5] See U.S. v. Hahn, 359 F.3d 1315, 1328 (10th Cir. 2004)(the government should file a motion to enforce plea agreement to enforce a waiver of appellate rights contained in the agreement); U.S. v. Callirgos-Navetta, 303 F. App'x 585, 587 n.2 (10th Cir. 2008)(declining to enforce waiver sua sponte).

[6] 28 U.S.C. § 2255(b)

3

conviction or sentence.[7]  An evidentiary hearing is not necessary where the factual allegations in a § 2255 motion are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[8]

Petitioner appears pro se.  Therefore, his pleadings are to be construed liberally and not to the standard applied to an attorney's pleadings.[9]  If petitioner's motion can be reasonably read to state a valid claim on which he could prevail, the court should do so despite a failure to cite proper legal authority or follow normal pleading requirements.[10]  However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."[11]  For that reason, the court shall not supply additional factual allegations to round out a

---

[7] See Hatch v. Oklahoma, 58 F.3d 1447, 1471 (10th Cir. 1995), cert. denied, 517 U.S. 1235 (1996).

[8] Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999), quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995); see also United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims which are merely conclusory in nature and without supporting factual averments); Hatch, 58 F.3d at 1471 ("the allegations must be specific and particularized, not general or conclusory").

[9] Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10] Id.

[11] Id.

petitioner's claims or construct a legal theory on his behalf.[12]

### Petitioner's claims and the rulings of the court

Petitioner's motion to vacate lists four grounds for relief. All of petitioner's arguments revolve around the legal difficulties faced by a former Topeka Police Department narcotics detective, Bruce Voigt.  Petitioner's first argument is that Voigt was a material witness who was scheduled to testify at the preliminary hearing in state court cases stemming from the same investigation which led to this case.  Petitioner's second argument is that the Shawnee County District Attorney "dropped" 27 drug cases because of the misconduct of Voigt and another police officer, and that Voigt pleaded "no contest" to obstructing legal process and dissemination of criminal history. Petitioner's third argument is that Voigt was dismissed from the Topeka police force.  Petitioner's fourth argument is that he received ineffective assistance of counsel because his attorneys did not and have not raised the Voigt investigation in defense of his case.  Petitioner does not allege that the prosecution possessed information which would have exonerated him of the crimes charged, but failed to disclose that evidence prior to the entry of petitioner's guilty plea.

Reading petitioner's motion liberally, he contends that his

---

[12] See Whitney v. State of New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

conviction and sentence violated his constitutional rights to due process and the effective assistance of counsel. He alleges no other violation of the Constitution or federal law. After careful review, the court is convinced that the files and records of the case plainly show that petitioner is not entitled to relief.

To support a judgment of guilt, due process requires that a guilty plea must be knowing and voluntary in the sense that it constitutes an intelligent admission that the defendant committed the offense charged; this requires true notice of the nature of the charge against the defendant and the consequences of pleading guilty.[13] "[A] defendant's misunderstanding of particular circumstances surrounding [a] plea" does not in itself establish that a plea violated a defendant's due process rights.[14] Due process does not require that the government give a defendant notice of all evidence or all information which might affect a defendant's decision as to whether to plead guilty.[15] A guilty plea is not made infirm because long after the plea has been

---

[13] Hicks v. Franklin, 546 F.3d 1279, 1284 (10th Cir. 2008)(discussing Henderson v. Morgan, 426 U.S. 637, 644-45 (1976) and other cases); see also Gonzales v. Tafoya, 515 F.3d 1097, 1118 (10th Cir.) cert denied, 129 S. Ct. 211 (2008).

[14] Gonzales, 515 F.3d at 1118 (citing U.S. v. Ruiz, 536 U.S. 622, 630 (2002)).

[15] Ferrara v. United States, 456 F.3d 278, 291 (1st Cir. 2006).

accepted a defendant realizes that he misapprehended the strength of the government's case against him,[16] or because he was unaware of impeachment evidence which he might have used against a prosecution witness.[17]

Petitioner alleges that Bruce Voigt was involved in his investigation and that Voigt was dismissed from the police force and prosecuted for misconduct.  According to petitioner, several state court cases which Voigt investigated were dismissed by the State.  Petitioner's state court charges, though, have not been dismissed.

Accepting these allegations as true, they do not state a valid due process claim or otherwise allege a violation of the Constitution or federal law which warrants relief in this case. They do not invalidate petitioner's knowing, intelligent and voluntary plea of guilty.  Nor do they demonstrate misconduct in the investigation of petitioner's case in this court.  The statements of a defendant, his counsel, and the prosecutor at a plea hearing, as well as any findings made by the judge accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings.  Solemn declarations in open court carry a strong presumption of verity."[18]  The facts of this case, as

---

[16] Brady v. United States, 397 U.S. 742, 756 (1970).

[17] Ruiz, 536 U.S. at 633.

[18] Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

7

agreed to by petitioner in the plea agreement and during the guilty plea hearing, are that petitioner sold crack cocaine to a confidential informant, who gave the drugs to a police officer named "Doug Garmin", and that the drugs were weighed by the Kansas Bureau of Investigation.  None of this involves Bruce Voigt.

Petitioner's final claim for relief is ineffective assistance of counsel.  To succeed upon a claim of ineffective assistance of counsel, petitioner must satisfy the two-part test set forth in Strickland v. Washington.[19]  Under this test, petitioner must first show that his counsel's performance was deficient because it "fell below an objective standard of reasonableness."[20]  Second, he must show that his counsel's performance actually prejudiced his defense.[21]  In the context of a guilty plea, the prejudice requirement mandates that a petitioner show that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[22]

Accepting as true the factual allegations petitioner has made in the motion to vacate, the court finds that a reasonably

---

[19] 466 U.S. 668 (1984).

[20] Id. at 688.

[21] Id. at 692.

[22] United States v. Harms, 371 F.3d 1208, 1211 (10th Cir. 2004)(quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

competent attorney would not have acted differently in this matter. Petitioner claims that his counsel were indifferent to the possibility of police misconduct, even though they knew Voigt was part of petitioner's case. The record shows that petitioner's counsel also knew that petitioner sold crack cocaine to a confidential informant who turned over the contraband to a police officer other than Voigt, and that the drugs were weighed and analyzed at the Kansas Bureau of Investigation, not the Topeka Police Department. The record justifies the indifference allegedly shown by petitioner's counsel. The facts alleged do not demonstrate police misconduct in petitioner's case which would have spurred a reasonably competent attorney to take a different course in representing petitioner.

Petitioner has filed two memoranda in support of his motion.[23] These memoranda refer to four cases which involve allegations of police or prosecutorial misconduct.[24] Two of these cases, Hernandez v. State[25] and State v. Aikins,[26] are distinguishable for at least two reasons. First, they do not

---

[23] (Docs. 99, 102.)

[24] Petitioner also makes reference to Holbrook v. Flynn, 475 U.S. 560 (1986) involving the presence of uniformed troopers as extra security during an armed robbery trial. This is not relevant to petitioner's motion.

[25] No. 95 CR 1809, 1999 WL 33628264 (Kan. Dist. Ct. May 11, 1999).

[26] 932 P.2d 408 (Kan. 1997).

9

involve an effort to vacate a conviction obtained by a guilty plea or plea of no contest. Instead, they involve criminal charges that were dismissed prior to trial because of police misconduct (Hernandez) or were appealed following a conviction obtained after a jury trial (Aikins). A guilty plea is a crucial event in the context of a § 2255 motion because the federal law is "'well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.'"[27] A second ground for distinguishing Hernandez and Aikins is that the police or prosecutorial misconduct was clearly identified and linked to the prosecution of the cases. In this case, the factual basis for petitioner's conviction does not involve Bruce Voigt.

Petitioner also cites State v. Shaw[28] and State v. Riis.[29] The Shaw case involved a discrepancy in the weight and description of contraband seized from a defendant which was not adequately explained by the officers in the investigation. The case was dismissed because of doubts regarding the integrity of the evidence. Shaw did not involve a guilty plea or plea of no contest. The Shaw case did involve Bruce Voigt, but the

---

[27] Bousley v. United States, 523 U.S. 614, 621 (1998)(quoting Mabry v. Johnson, 467 U.S. 504, 508 (1984)).

[28] No. 03-CR-94, 2005 WL 466086 (Kan. Dist. Ct. Feb. 22, 2005).

[29] 178 P.3d 684 (Kan.Ct. App. 2008).

investigation of Voigt's misconduct and the allegations against him played no role in the Shaw decision. For these reasons, the case is not relevant.

In Riis, a defendant filed a post-sentence motion to withdraw his no contest plea to drug, firearm and other charges arising from the execution of a search warrant at his house. The defendant asked the district court to do an in camera inspection of investigative files regarding Bruce Voigt, who had submitted an affidavit in support of the search warrant and who participated in the execution of the warrant. The no contest plea was entered without knowledge of the allegations against Voigt. The district court denied the request for in camera inspection and denied the motion to withdraw the plea. The Kansas Court of Appeals ruled that the district court should have granted the request for in camera inspection before ruling upon the motion to withdraw the no contest plea.[30]

The Riis case does not support the motion to vacate petitioner's conviction, although it arguably supports a request for discovery. The court would deny such a discovery request, if the request was made in this case for the following reasons. Bruce Voigt was involved in applying for and executing the search warrant which led to the evidence against the defendant in Riis. To repeat, according to the factual basis agreed to by the

---

[30] Id. at 687.

11

parties at the time of petitioner's guilty plea, Voigt was not involved in the collection or analysis of the critical evidence against petitioner in the case before this court.  Petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course.[31] The rules governing proceedings under 28 U.S.C. § 2255 provide that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law."[32]  In order to show "good cause" under Rule 6(a), a petitioner must provide the court with "specific allegations [that] show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."[33] "Mere speculation that some exculpatory material may have been withheld is unlikely to establish good cause for a discovery request on collateral review."[34]  Petitioner has not offered specific allegations or good cause to justify an in camera inspection of investigative files regarding Bruce Voigt as part of these proceedings.

---

[31] Bracy v. Gramley, 520 U.S. 899, 904 (1997).

[32] Rule 6(a) of the Rules Governing Section 2255 Proceedings for the U.S. Dist. Cts.

[33] Bracy, 520 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)).

[34] Strickler v. Greene, 527 U.S. 263, 286 (1999).

In summary, the record conclusively demonstrates that petitioner's motion must be dismissed without further discovery or an evidentiary hearing.

**IT IS THEREFORE ORDERED** that petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 be denied.

Dated:  July 14, 2009

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE